# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CASSANDRA GAMBLINS**
**on behalf of her minor children**
**AGW, AGG, GWJ, CAG, and KGT,**

    **Plaintiff,**

    v.                                                **Case No. 18-CV-252**

**MILWAUKEE CHILD**
**PROTECTIVE SERVICES and**
**SAINTA,**

    **Defendants.**

## ORDER ON PLAINTIFF'S REQUEST TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND SCREENING OF COMPLAINT

Cassandra Gamblins filed a *pro se* complaint against Milwaukee Child Protective Services. This matter is before me on Gamblins' motion to proceed without prepayment of the filing fee (Docket # 2) and for the screening of her complaint. (Docket # 1).

### DISCUSSION

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on an affidavit submitted to the court. *Id.* The party instituting a civil action in a district court is required to pay a $400 fee to the court's clerk, but if the court determines that the litigant has insufficient assets, the court may authorize the commencement of the action without payment of the fee.

Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

As to the first determination, in her affidavit, Gamblins states that she has no job and is single. (Docket # 1 at 2.) Further, Gamblins states that she provides for five minor children. (*Id.*) Additionally, Gamblins asserts that she receives $1,657.56 in social security, pays $800 in rent, $538 for food, and about $250 in other utilities. (*Id.* at 1-2.) Accordingly, I find that she is unable to pay the filing fee.

As to the second determination, in the complaint, Gamblins alleges that Milwaukee Child Protective Services has taken custody of Gamblins five minor children despite her complying with a court order. (Docket # 1 at 2.) Even liberally construing the complaint, I am not sure that Gamblins makes out a federal claim. In her complaint, she asserts that her children have been taken from her by Milwaukee Child Protective Services. (Docket # 1.) However, in her request for relief, Gamblins states that she wants Milwaukee Child

Protective Services to "clear [her] name of what happen[ed] in [her] record. (*Id*. at 4.) Unlike state courts, federal courts are of limited jurisdiction and can "only exercise jurisdiction where it is specifically authorized by federal statute." *Teamsters Nat. Automotive Transporters Industry Negotiating Committee v. Troha*, 328 F.3d 325, 327 (7th Cir. 2003). I will grant Gamblins leave to amend her complaint and state what federal or constitutional violation she is alleging and what relief she is seeking in federal court. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Gamblins is advised that the amended complaint replaces the prior complaint and the amended complaint must be complete in itself without reference to the prior complaint. Accordingly, matters not set forth in the amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Gamblins has until **April 3, 2018** to file an amended complaint making clear of the federal claim she is alleging.

**IT IS FURTHER ORDERED** that Gamblin's motion to proceed without paying the filing fee is **GRANTED**.

Dated at Milwaukee, Wisconsin this 19th day of March, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge