UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CASSANDRA GAMBLINS**
on behalf of her minor children
**AGW, AGG, GWJ, CAG, and KGT,**

    Plaintiff,

  v.                                  Case No. 18-CV-252

**MILWAUKEE CHILD**
**PROTECTIVE SERVICES et al.,**

    Defendants.

---

**REPORT AND RECOMMENDATION ON SCREENING OF COMPLAINT**

---

Cassandra Gamblins filed a *pro se* complaint against Milwaukee Child Protective Services ("Milwaukee CPS"), Saint A, and several employees of Milwaukee CPS. (Docket # 1.) On March 19, 2018, I granted Gamblins' motion to proceed *in forma pauperis* and allowed her to file an amended complaint. (Docket # 5.) Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Gamblins' complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017). For the reasons stated below, I recommend that Gamblins' amended complaint be dismissed.

**ANALYSIS**

Because I granted Gamblins' motion to proceed *in forma pauperis*, I now must determine that the action is neither frivolous nor malicious, does not fail to state a claim on which relief may be granted, or does not seek money damages against a defendant immune

from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Gamblins alleges that employees of Milwaukee CPS arrived at her home and "took" her kids. (Am. Compl. at 2, Docket # 6.) She alleges that the Milwaukee CPS searched her home without a warrant. (*Id.*) Gamblins does not explain why her children were taken by Milwaukee CPS. She also alleges that her children are dealing with high levels of stress from being separated from her. (Am. Compl. at 2-4.) In her request for relief, Gamblins is seeking

to have defendants "clear [her] name of what happen[ed] on [her] record. (Am. Compl. at 4.) Further, Gamblins is requesting that her children be returned to her home. (*Id.*)

I find that Gamblins' amended complaint is neither frivolous nor malicious. Still, even liberally construing the complaint, I do not find that Gamblins makes out a federal claim. It seems that Gamblins is seeking to appeal Milwaukee CPS' decision to remove her children. However, Wisconsin has a Child Protective Service Appeal Process[1] separate from federal court. Unlike state courts, federal courts are of limited jurisdiction and can "only exercise jurisdiction where it is specifically authorized by federal statute." *Teamsters Nat. Automotive Transporters Industry Negotiating Committee v. Troha*, 328 F.3d 325, 327 (7th Cir. 2003).

Further, Gamblins amended complaint appears to include several employees of Milwaukee CPS. The Supreme Court has stated that there is no 42 U.S.C. § 1983 employer liability based on *respondeat superior*. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Moreover, Gamblins asserts that she is acting on behalf of her minor children, AGW, AGG, GWJ, CAG, and KGT. However, Gamblins does not claim to be a lawyer. A non-lawyer parent may not represent her child in court. *See Foster v. Bd. of Educ. of City of Chicago*, 611 F. App'x 874, 877 (7th Cir. 2015) ("And we have repeatedly held that the rule prohibiting a nonlawyer from representing another person extends to a parent attempting to represent her minor child pro se."). Finally, Gamblins may wish to consult with the Milwaukee Justice Center at the Milwaukee County Courthouse: http://www.milwaukeejusticecenter.org.

---

[1] Child Protective Services Appeal Process, https://dcf.wisconsin.gov/cps/appeal (last visited May 29, 2018)

**NOW, THEREFORE, IT IS RECOMMENDED** that Gamblins' complaint be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 30th day of May, 2018.

> BY THE COURT
>
> *s/Nancy Joseph*
> NANCY JOSEPH
> United States Magistrate Judge