# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CASSANDRA GAMBLINS, on behalf of her minor children AGW, AGG, GWJ, CAG, and KGT,

          Plaintiff,

v.

MILWAUKEE CHILD PROTECTIVE SERVICES, SAINT A, ANDERSON IVES, ANDREA L. DIAMOND, and SHERRY GEORGE,

          Defendants.

Case No. 18-CV-252-JPS

**ORDER**

On February 20, 2018, the plaintiff, Cassandra Gamblins ("Gamblins"), filed a *pro se* complaint and a petition to proceed *in forma pauperis*. (Docket #1 and #2). The case was initially assigned to Magistrate Judge Nancy Joseph, who granted Gamblins leave to proceed *in forma pauperis*. (Docket #5). In screening the complaint pursuant to 28 U.S.C. § 1915(e), Magistrate Joseph determined that it failed to state a claim under federal law, but allowed Gamblins the opportunity to file an amended complaint making clear the federal claim she intended to allege. *Id.* On April 5, 2018, Gamblins filed an amended complaint. (Docket #6). Magistrate Joseph determined that it, too, failed to state a claim under federal law and therefore should be dismissed. (Docket #8). Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, Magistrate Joseph prepared a recommendation for dismissal and the case was reassigned to this branch of the Court for consideration of that

recommendation. *Id.* Gamblins then filed another amended complaint, (Docket #9), but she did not file an objection to Magistrate Joseph's recommendation.[1]

As noted previously by Magistrate Joseph, notwithstanding the payment of any filing fee, the Court must dismiss a complaint filed *in forma pauperis* if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court has reviewed *de novo* Gamblins' amended complaint, Magistrate Joseph's recommendation for dismissal, and Gamblins' proposed second amended complaint (which the Court liberally construes as an objection to the magistrate's recommendation). The Court concurs with Magistrate Joseph that Gamblins has not sufficiently pled a federal claim, but the Court will allow Gamblins one final opportunity to cure that defect, with the benefit of further instruction provided herein.

Gamblins alleges that Anderson Ives ("Ives"), Andrea L. Diamond ("Diamond"), and Sherry George ("George"), who work for either CPS or Saint A, violated her constitutional rights. (Docket #6 at 2). On January 10, 2018, Ives visited Gamblins' home unannounced, and without a warrant, and performed a search of the home that resulted in Ives removing Gamblins' children. *Id.* On various dates between January and April 2018, Gamblins met with Diamond and George, who appear to have had some role in keeping Gamblins' children

---

[1] The Court will not consider Gamblins' second amended complaint as the operative pleading because it was not properly filed. *See* Fed. R. Civ. P. 15(a)(1)(2) (Gamblins was entitled to amend her pleading once as a matter of course, but additional amendments require the Court's leave). Even if it had been properly filed, the second amended complaint would not change the Court's analysis, because its allegations are identical, in all relevant aspects, to the first amended complaint. Instead, the Court considers the second amended complaint as an objection to Magistrate Joseph's recommendation for dismissal.

from her or placing them in foster care. *Id.* at 2–3. Gamblins claims that Diamond put her and her children through "so much stress," and George suggested Gamblins get a mental evaluation that Gamblins does not believe was necessary. Gamblins does not provide many other coherent details about Diamond's or George's role in this incident. *Id.* Finally, Gamblins requests that the Court return her children to her, award damages of $30,000, and "clear [her] name of what happen[ed]." *Id.* at 4.

As Magistrate Joseph explains in her recommendation, Gamblins' complaint appears to be, at least primarily, an attempt to appeal the decision by Milwaukee Child Protective Services ("CPS") to remove her children from her home. (Docket #8 at 2–3). If the relief Gamblins seeks is the return of her children, she cannot pursue her claim here. The proper avenue for that relief is, as Magistrate Joseph explained, an appeal through the CPS appeal process. *Id*. at 3; *see also* Wis. Stat. §48.981(3)(c)5p (explaining that "[a] person who is the subject of a final determination … that the person has abused or neglected a child has the right to a contested case hearing on that determination under ch. 227" and detailing the procedure for requesting such a hearing).

But that is not necessarily the end of the matter. Gamblins' allegations also arguably touch on the constitutional rights of her and her children. As to Gamblins' own constitutional rights as the mother of removed children, the Fourteenth Amendment "includes the right to associate with relatives," meaning that Gamblins has a substantive due process right to "familial integrity." *Xiong v. Wagner,* 700 F.3d 282, 291 (7th Cir. 2012). But the right under the Fourteenth Amendment to keep one's family together is not absolute. Rather, "a balance must be reached between the fundamental right to the family unit and the state's interest in protecting children from abuse, especially in cases where children are removed from their homes." *Id.* (quotation

removed). State agency caseworkers achieve this balance when they have "some definite and articulable evidence giving rise to a reasonable suspicion of past or imminent danger of abuse before they [] take a child into protective custody." *Id.* (quotation and internal marks omitted). Therefore, Gamblins could state a Fourteenth Amendment claim (for damages, for not for the return of her children) if she alleges that the defendant caseworkers removed her children without definite and articulable evidence giving rise to a reasonable suspicion of danger. Further, only those caseworkers who were personally involved in the removal are proper defendants. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) (Individual liability under Section 1983 requires personal involvement in the alleged constitutional deprivation.). Gamblins cannot bring this claim against CPS because it is a state agency immune from suit for damages. *See Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999). Gamblins' allegations as currently pled fall short in these respects, and therefore a Fourteenth Amendment claim cannot proceed at this stage.

As to the rights of Gamblins' children, "the Fourth Amendment's proscription of unreasonable seizures applies in the context of the removal of a child from a home by social welfare workers." *Xiong*, 700 F.3d at 289. Removing a child from his home and family is reasonable "if it is pursuant to a court order, if it is supported by probable cause, or if it is justified by exigent circumstances, meaning that state officers have reason to believe that life or limb is in immediate jeopardy." *Id.* at 289–90 (quotation omitted). Gamblins' children may be able to state Fourth Amendment claims for their unreasonable seizure, but as Magistrate Joseph explained, Gamblins cannot bring those claims on behalf of her children. An attorney would have to file actions on

behalf of the children. *See Foster v. Bd. of Educ. of City of Chicago*, 611 F. App'x 874, 877 (7th Cir. 2015) (non-lawyer parent cannot represent her minor child).

Because Gamblins' amended complaint fails to state a viable claim for relief, the Court must strike the amended complaint. The Court will afford Gamblins one additional opportunity to submit an amended complaint correcting the above-described defects. If Gamblins wants to proceed on a Fourteenth Amendment claim, she must file an amended complaint within 14 days of the entry of this Order. Failure to file an amended complaint within this time period will result in dismissal of this action. Gamblins is further advised that a successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). If an amended complaint is received, it will be screened by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B).

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that, in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)).

Finally, the Court reiterates the instruction given above and by Magistrate Joseph: If the relief Gamblins seeks is the return of her children, this

Court is not the proper place for her claim. If that is what she wants, Gamblins should submit a notice of voluntary dismissal of this case and pursue an appeal of removal through the Wisconsin CPS appeal process.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation (Docket #8) be and the same is hereby **ADOPTED in part as described herein**;

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (Docket #6) be and the same is hereby **STRICKEN**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on or before **fourteen (14) days from the entry of this Order**.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge