# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CASSANDRA GAMBLINS, on behalf of her minor children AGW, AGG, GWJ, CAG, and KGT,

                        Plaintiff,

v.

MILWAUKEE CHILD PROTECTIVE SERVICES and SAINT A,

                       Defendants.

Case No. 18-CV-252-JPS

**ORDER**

On February 20, 2018, the plaintiff, Cassandra Gamblins ("Gamblins"), filed a *pro se* complaint and a petition to proceed *in forma pauperis*. (Docket #1 and #2). The case was initially assigned to Magistrate Judge Nancy Joseph, who granted Gamblins leave to proceed *in forma pauperis*. (Docket #5). Upon screening the complaint pursuant to 28 U.S.C. § 1915(e), Magistrate Joseph determined that it failed to state a claim under federal law, but allowed Gamblins the opportunity to file an amended complaint making clear the federal claim she intended to allege. *Id.* On April 5, 2018, Gamblins filed an amended complaint. (Docket #6). Magistrate Joseph determined that it, too, failed to state a claim under federal law and therefore should be dismissed. (Docket #8). Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, Magistrate Joseph prepared a recommendation for dismissal and the case was reassigned to this branch of the Court for consideration of that recommendation. *Id.*

On July 5, 2018, this Court entered an order allowing Gamblins one additional opportunity to amend her complaint to cure the defects that both Magistrate Joseph and this Court identified for her. (Docket #10). On July 26, 2018, the Court received Gamblins' second amended complaint. (Docket #12). As with her previous complaints, Gamblins' second amended complaint does not state a claim that can be remedied by this Court.

Gamblins alleges that Milwaukee Child Protective Services ("CPS") and Saint A violated her constitutional rights (she no longer names as defendants the individuals who work for those entities). (Docket #12 at 2). She repeats the story she told in her earlier pleadings: officers of the defendants visited her home unannounced and removed her children. *Id.* This time, she explains that her children were removed because "the house that I was staying in became unlivable for me and my kids." *Id.* She believes CPS should help her improve her living situation, not take her kids from her. *Id.* at 2–3. She also states that her two oldest children have been returned to her care, but her three youngest children have not been returned. *Id.* at 3.

The Court explained in its July 5 order that Gamblins' allegations arguably touch on her Fourteenth Amendment right to "familial integrity." *Xiong v. Wagner*, 700 F.3d 282, 291 (7th Cir. 2012). To state a claim for violation of that right, Gamblins must have alleged that her children were removed from her care without definite and articulable evidence giving rise to a reasonable suspicion of danger. *Id.* Gamblins has not alleged this; instead, she alleges that her children were removed because the home where she was residing with them was unlivable. Further, Gamblins no longer names the individual caseworkers as defendants, and they are the only people from whom she could get relief. As the Court already

explained, Gamblins cannot bring this claim against CPS because it is a state agency immune from suit for damages. *See Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999). Gamblins cannot bring a claim against Saint A because, even if it were considered a state actor, Gamblins has not alleged that a policy or practice of Saint A, as opposed to the individual misconduct of its caseworkers, caused her constitutional deprivation. *See Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Gamblins' allegations continue to fall short in these respects, and therefore a Fourteenth Amendment claim cannot proceed.

Next, the Court also explained in its July 5 order that even if her children had a claim under the Fourth Amendment for being unreasonably removed from their home, *see Xiong,* 700 F.3d at 289, Gamblins cannot bring those claims on their behalves. *See Foster v. Bd. of Educ. of City of Chicago*, 611 F. App'x 874, 877 (7th Cir. 2015) (non-lawyer parent cannot represent her minor child). Gamblins again named her children as plaintiffs, but they are not properly part of this case.

The Court is left, again, with the impression that the relief Gamblins truly seeks is the return of her children. She cannot pursue that relief here. The proper avenue for that relief is an appeal through the CPS appeal process. *See* Wis. Stat. §48.981(3)(c)5p (explaining that "[a] person who is the subject of a final determination … that the person has abused or neglected a child has the right to a contested case hearing on that determination under ch. 227" and detailing the procedure for requesting such a hearing).

Because Gamblins has not stated a claim on which relief can be granted, this case must be dismissed. 28 U.S.C. § 1915(e)(2)(B). Having

already been given two opportunities to amend her complaint, Gamblins will not be granted another. The dismissal will be with prejudice.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge